IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 06cv 3828 ADM/JSM |
| v. ) ) | |
| LAND O' LAKES, INC., ) ) | COMPLAINT |
| Defendant. ) ) | **Jury Trial Requested** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII), and the Equal Pay Act ("EPA") to correct unlawful employment practices instituted and maintained by Defendant Land O' Lakes, Inc. (hereinafter "LOL" or "Employer"). Specifically, Defendant LOL instituted and maintained a policy in its Separation Agreement and Release that required terminated employees to agree, as a material term of the agreement, that they had not filed a claim of discrimination with the EEOC and had no current intent to file such a claim. Such a policy is believed to have been used nationwide. Such a provision is retaliatory and violates public policy under the ADEA, Title VII, and the EPA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1

SCANNED
SEP 25 2006
U.S. DISTRICT COURT MPLS

1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 4(d) and 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 623(d) and 626(d) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217; Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f)(1) and Section 704(a), 42 U.S.C. §2000e-3 ("Title VII"); and Section 17 of the FLSA, 29 U.S.C. §217, to enforce the requirements of the Equal Pay Act of 1963 ("EPA"), codified as Section 15 of the FLSA, 29 U.S.C. §215(a)(3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, Title VII and the EPA, and is expressly authorized to bring this action by Sections 4(d) and 7(b) of the ADEA, 29 U.S.C. §§ 623(d) and 626(b) as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and Public Law 98-532 (1984), 98 Stat. 2705; Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 17 of the FLSA, 29 U.S.C. § 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant LOL has continuously been incorporated in the State of Minnesota and doing business in the State of Minnesota and the City of Arden Hills, and has continuously had at least 15 employees.

5. At all relevant times, Defendant LOL has continuously been an employer engaged in an industry affecting commerce under Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant LOL has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of Title VII, 42 U.S.C. §2000e (b), (g) and (h).

7. At all relevant times, Defendant LOL has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant LOL has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Kathyrn Beste filed a charge alleging violations of the ADEA, Title VII and the EPA. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. From at least 2004, Defendant LOL used a Separation Agreement and Release ("Agreement") with its employees that required them, as a material term of the Agreement, to represent that they had not filed a charge with an administrative agency and that they had no current intent to file a charge. On information and belief, this Separation Agreement and Release was used nationwide.

11. The provision in the Agreement prohibits and chills employees from filing or prosecuting a charge of discrimination with the EEOC.

12. LOL denied separation payments and benefits to persons who did not sign the Agreement.

13. The provision is unlawful and retaliatory in violation of the ADEA, and specifically the provisions of the ADEA contained in the Older Workers Benefits Protection Act and its regulations.

14. The provision is unlawful and retaliatory in violation of Title VII.

15. The provision is unlawful and retaliatory in violation of the EPA.

16. The provision is void as against public policy underlying the ADEA, Title VII and the EPA.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of employees.

19. The unlawful employment practices complained of in were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant LOL, its officers, successors, assigns, and all persons in active concert or participation with it, from instituting and maintaining a Separation Agreement and Release, or any other similar agreement, which retaliates because of an employee's right to file a charge with the EEOC, or participate in an EEOC investigation or proceeding.

B. Order Defendant LOL to contact former employees who were affected by the Separation Agreement and Release by delivering a corrective notice with a revised Severance Separation Agreement and Release, and tolling all limitations periods for a charge, claim or (under the EPA) suit filing until the date of actual delivery of corrective notice, which sets the applicable time limitation running anew.

C. Order Defendant LOL to institute and carry out policies, practices and procedures, which provide equal employment opportunities for employees who wish to

file charges with the EEOC or participate in an EEOC investigation or proceeding, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant LOL to make whole any employees by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to revising the Separation Agreement and Release to expressly permit employees to file charges with the EEOC, and to participate in an EEOC investigation or proceeding without losing their severance pay and benefits and without violating the agreement.

E.  Order Defendant LOL to make whole any employee whose severance pay and/or benefits were withheld by Defendant LOL because he or she either filed a charge with the EEOC or participated in an EEOC investigation or proceeding.

F.  Order Defendant LOL to make whole any employee whose severance pay and/or benefits were withheld by Defendant LOL because they refused to sign the Separation Agreement and Release because it prohibited the individual from filing a charge with the EEOC or participating in an EEOC investigation or proceeding.

G.  Order Defendant LOL to make whole employees adversely affected by the unlawful provision in the Separation Agreement and Release by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

H.      Order Defendant LOL to make whole employees adversely affected by the unlawful provision in the Separation Agreement and Release by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

I.      Order Defendant LOL to pay employees adversely affected by the unlawful provision in the Separation Agreement and Release punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J.      Grant such further relief as the Court deems necessary and proper in the public interest.

K.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L Street, N.W.
Washington, D.C. 20507

Dated: 9/22/2006

JOHN C. HENDRICKSON
Regional Attorney

Dated: 9/22/2006

JEAN P. KAMP
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-8550

Dated: 9/25/06

LAURIE A. VASICHEK (#0171438)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, MN 55401
(612) 335-4061